IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20599
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EDDIE GOMEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-126-7
--------------------
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Eddie Gomez argues that the district court clearly erred in including the 1996 cocaine transactions as relevant conduct to the offense of conviction.  The inclusion of the 1996 transactions increased the quantity of drugs for which Gomez was held responsible.  Gomez argues that the 1996 cocaine transactions were not part of the conspiracy for which he was convicted and were not part of the same common scheme or plan as the conspiracy.

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's determination on the quantity of drugs for sentencing purposes is a factual finding that this court reviews for clear error.  United States v. Torres, 114 F.3d 520, 527 (5th Cir. 1997).  To determine whether prior conduct qualifies as relevant conduct under § 1B1.3(a)(2), we consider the similarity, regularity, and temporal proximity of the conduct.  United States v. Bethley, 973 F.2d 396, 401 (5th Cir. 1992) (relevant conduct apply to drug distributions occurring continuously during the six months before the charged conduct).

There is no dispute as to the facts of this case.  The cocaine trafficking engaged in during 1996 was outside of the time period which the indictment specified for the conspiracy.  The 1996 transactions took place less than one year before the dates of the conspiracy.  The 1996 transactions involved the same people involved in the charged conspiracy.  Gomez argues that the 1996 transactions were not part of the conspiracy because the drugs moved in 1996 did not come from the same source or go to the same destination as the drugs in the charged conspiracy.  This argument would be persuasive if the charged conspiracy involved regular shipments of drugs from a single source to a single destination; however, the charged conspiracy was not a structured operation.  Rather, it consisted of stealing, buying, and selling marijuana and cocaine in an opportunistic manner.  The district court was not clearly wrong in finding that the 1996 transactions were part of the relevant conduct of the conspiracy.

AFFIRMED.